1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

11

12

13

14

15

16

| In re ROBERT GARVIN MOORE, | CASE NO. 21-05529 RJB |
|---|---|
| Debtor. | |
| ROBERT GARVIN MOORE; TERESA JEAN MOORE, | Bk. No. 19-43563 BDL |
| | Adversary No. 20-04017 BDL |
| Appellants, | |
| v. | |
| FLAGSTAR BANK FSB, WRIGHT FINLAY & ZAK LLP, JOSEPH T. McCORMICK, III, TOM B. PIERCE, LISA ARMENIO REIS, PAUL KIM REIS, KELLER WILLIAMS PREMIER PARTNERS, PAMELA McANALLY, JEFFREY MERRITT WILSON, | ORDER ON MOTION FOR EXPANSION OF THE APPEAL RECORD AND ON APPEAL |
| Appellees. | |

17

18

19

20

21

22

23

24

        This matter comes before the Court on Robert Garvin Moore and Teresa Jean Moore's

(collectively the "Moores") appeal of six orders of the U.S. Bankruptcy Court in *In re Moore,*

Western District of Washington Adversary Proceeding No. 20-04017 BDL (Dkts. 47, 49, 85,

173, 183, and 208) ("Adversary Proceeding") and the Moores' Motion for Expansion of the

Record on Appeal (Dkt. 35).  The Court has considered the pleadings filed regarding the appeal

and motion and the remaining record.

The Moores bring this appeal *pro se* and seek to expand the record.  Dkt. 35.  For the reasons provided below, their motion to expand the record (Dkt. 35) should be denied and their appeal dismissed.  This case should be closed.

## I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

Citations to the record in this case appear as "Dkt." and citations to the record in the Adversary Proceeding appear as "AP Dkt."  Citations to other cases will be proceeded by the full case citation.

This appeal centers on property located in Battle Ground, Washington which was purchased in 2008 by Appellees Lisa Armenio-Reis and Paul Reis (collectively "Reises").  Dkt. 1.  It is an appeal from the dismissal of adversary claims filed against Flagstar Bank, FSB (the mortgagee on the Battle Ground property), bank employee Tom B. Pierce, a law firm and lawyers representing Flagstar Bank, FSB, Wright Finlay & Zak, LLP, Joseph T. McCormick, Laura N. Coughlin (collectively "Flagstar"), and a real estate firm and realtors, Keller Williams Premier Partners, Pamela McAnally, Jacqueline Smith and Shelly Schmits (collectively "Keller Williams"), James Welch and Jeffrey Merritt Wilson.  AP Dkt. 1.  (James Welch was dismissed by agreement of the parties).  AP Dkt. 169, 171.

The Moores are subject to bar orders in multiple bankruptcy courts for bad faith filings.  *See e.g.*, *In re Robert Gavin Moore,* United States Bankruptcy Court for the Western District of Washington, case number 19-43563 BDL (April 16, 2020 order barring new bankruptcy case filings for seven-years as a sanction for bad faith); *In re Teresa Jean Moore,* United States Bankruptcy Court for the Dist. of Hawaii, case number 17-01311, (December 18, 2018 order included a five-year bar on Ms. Moore's "refiling any bankruptcy case under any chapter in any United States Bankruptcy Court"); *In re Teresa Jean Moore and Robert Gavin Moore,* United

1  States Bankruptcy Court for the Dist. of Nevada, case number 14-13791 (November 15, 2015

2  order setting two-year bar for bad faith filings).

3        This Adversary Proceeding was filed in connection with a bankruptcy case that Mr.

4  Moore filed on November 5, 2019.  *In re Robert Garvin Moore,* United States Bankruptcy Court

5  for the Western District of Washington case number 19-43563 BDL.

6        The parties are familiar with the general procedural history of this Adversary Proceeding,

7  the background facts, and the Moores' lengthy history of filing bankruptcies and adversary

8  proceedings, so that information need not be repeated here.

9        The bankruptcy court entered its final order dismissing this Adversary Proceeding on July

10  9, 2021.  AP Dkt. 208.  The Moores timely filed their Notice of Appeal on July 23, 2021.  Dkt. 1.

11  The Moores appeal the following six orders:

12        1. July 6, 2020 Order Dismissing Defendant Wilson (AP Dkt. 47);

13        2. July 8, 2020 Order Granting in part and denying in part Defendants' Flagstar Bank,

14  FSB; Wright, Finlay & Zak, LLP; Joseph T McCormick III; and Laura N. Coughlin's Motion to

15  Dismiss (AP Dkt. 49);

16        3. September 11, 2020 Order Granting Moving Defendants' Motion to Strike

17  Unauthorized Amendments and Dismiss Plaintiffs' Second Amended Complaint (AP Dkt. 85);

18        4. February 8, 2021 Order on Plaintiffs' Motion to Compel and Defendant Flagstar's

19  Motion for Protective Order (AP Dkt. 173);

20        5. March 15, 2021 Order Granting Motion for Summary Judgment and dismissing

21  Defendants Flagstar Bank FSB and Tom Pierce (AP Dkt. 183);

22        6. July 9, 2021 Order Granting Summary Judgment and Dismissing Remaining

23  Defendants (AP Dkt. 208).

24

ORDER ON MOTION FOR EXPANSION OF THE APPEAL RECORD AND ON APPEAL - 3

1   Dkt. 1. The Moores fail to meaningfully assign error to the bankruptcy court's July 6, 2020

2   Order Dismissing Defendant Wilson (AP Dkt. 47).  That order should be affirmed without

3   further analysis.

4         On November 17, 2021, the Moores filed a Motion for Expansion of the Appeal Record.

5   Dkt. 35.  The Appellees oppose the motion (Dkts. 38, 39 and 40).

6         The Moores' Motion for Expansion of the Appeal Record should be considered first and

7   then the Moores' appeal of the bankruptcy court orders.

8                                    **II.    <u>DISCUSSION</u>**

9         **A.  JURISDICTION**

10        Pursuant to 28 U.S.C. § 158(a), this court has jurisdiction over bankruptcy appeals.

11  "Under that provision, an appeal of right lies from 'final judgments, orders, and decrees' entered

12  by bankruptcy courts 'in cases and proceedings.'"  *Ritzen Grp., Inc. v. Jackson Masonry, LLC*,

13  140 S. Ct. 582, 587 (2020).

14        **B.  MOTION TO EXPAND THE RECORD**

15        In their Motion for Expansion of the Appeal Record (Dkt. 35) the Moores seek to add

16  209 pages of additional information that they assert should be considered in this appeal,

17  including purported transcripts from various court proceedings, docket sheets from other court

18  cases, pleadings from other cases, orders in other cases, emails with various attachments,

19  brochures, notices, agreements, and medical correspondence.  Dkt. 36.  The Appellees oppose

20  the motion (Dkts. 38, 39 and 40).

21        Rule 8009 of the Federal Rules of Bankruptcy Procedure ("Fed. Bank. R. P."), "Record

22  on Appeal," governs the designation of the record on appeal from a bankruptcy case.  Under Fed.

23  Bank. R. P. 8009(e)(2)(C), "[i]f anything material to either party is omitted from or misstated in

24  the record by error or accident, the omission or misstatement may be corrected, and a

supplemental record may be certified and transmitted . . . by the court where the appeal is pending." Rule 8009(e) is modeled on Federal Rule of Appellate Procedure 10(e). Fed. R. Bankr. P. 8009(e) Advisory Committee Notes (2014).

In considering Federal Rule of Appellate Procedure 10(e), "Correction or Modification of the Record," the Ninth Circuit has limited expansion of the record to "unusual circumstances," including "inadvertent omissions from the record," to take judicial notice, and to "exercise inherent authority to supplement the record in extraordinary cases . . . for example when developments render a controversy moot and thus divest [the court] of jurisdiction." *Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003). Limiting the record to that before the trial court is "fundamental" because appellate courts "lack the means to authenticate documents." *Id*.

The Moore's Motion for the Expansion of the Appeal Record (Dkt. 35) should be denied. The Moores have failed to demonstrate that this case constitutes "unusual circumstances" which warrant expansion of the record. *Lowry,* at 1024. There is no allegation that there are inadvertent omissions from the record. They have not shown that judicial notice of the various court documents is appropriate. *Lowry,* at 1024. The Moores offer these court documents to support their interpretation of those court documents  - interpretations of which the Appellees disagree. Judicial notice of those documents for purposes of this appeal is not warranted. *See Ohio Valley Envtl. Coal. v. Aracoma Coal Co.,* 556 f.3d 177, 217 (4th Cir. 2009)(declining to judicially notice documents when the parties reasonably disagreed about their meaning). The Moores have not shown that this is an extraordinary case such that the Court should "exercise inherent authority to supplement the record." *Lowry,* at 1024.

Further, the Moores have failed to show that their proffered submissions are material to their appeal as required under Fed. Bank. R. P. 8009(e)(2)(C). Having reviewed the

supplemental documents, the undersigned concludes that they do not help resolve the appeal. The Moores' attempt to unilaterally supplement the record should be denied.

## C.  APPEAL

Rather than organize their briefs by the bankruptcy court orders (there are six) that they are challenging, the Moores raise various issues, each of which will be addressed in turn.  Dkts. 32 and 45.

1.  <u>Denial of Requests for Continuances</u>

The Moores argue that the bankruptcy court erred when it denied them various continuances.  Dkt. 32.  It is not wholly clear to which motion for continuance they refer (they also discuss other courts' denials).  In any event, they fail to show that the bankruptcy court below committed reversable error.

A bankruptcy court's denial of a continuance is reviewed for an abuse of discretion.  *In re Bellow*, 544 Fed. Appx. 732, 733 (9th Cir. 2013)(*citing United States v. Flynt*, 756 F.2d 1352, 1359 (9th Cir.1985).  Considering the Moores' extensive history of delay tactics and lack of diligence, the great inconvenience to the bankruptcy court and opposing parties if a continuance had been granted, and the lack of harm to the Moores when the continuance was denied, the bankruptcy court did not abuse it's discretion in denying their motion[s] for continuance[s].

2.  <u>Summary Judgment for Keller Williams and Reises based on 11 U.S.C. § 362(c)(3)(A)</u>

The Moores argue that the bankruptcy court erred when it granted summary judgment based on 11 U.S.C. § 362(c)(3)(A).  Dkt. 32.  They challenge the July 9, 2021 Order Granting Summary Judgment and Dismissing Remaining Defendants (AP Dkt. 208).  *Id.*

Pursuant to 11 U.S.C. § 362(c)(3)(A),

[I]f a single or joint case is filed by . . . a debtor . . . and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed . . .

the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case.

In its Memorandum Decision on Motions for Summary Judgment, the bankruptcy court found that the Moore's claims (that the Appellants violated the stay in *In re Teresa Jean Moore,* United States Bankruptcy Court for the Dist. of Hawaii, case number 17-01311 ("Hawaii bankruptcy case") when they took action relating to the Battle Ground property) were without merit because the Hawaii bankruptcy estate dissolved when the Hawaii bankruptcy case was dismissed and no extension of the stay was requested under 11 U.S.C. § 362(c)(3)(A).  Dkt. 1, at 53.  The Moores argue that the bankruptcy court erred because the case filed just before the Hawaii case, Ms. Moore's California bankruptcy case (*In re Teresa Jean Moore*, U.S. District Court for the Northern District of California case number 16-53510 ("California bankruptcy case")), was dismissed on the grounds that she was ineligible to file under 11 U.S.C. § 109(e). Dkt. 32.

The Moores did not raise this issue with the bankruptcy court.  Absent exceptional circumstances, arguments raised for the first time on appeal are not considered.  *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills,* 321 F.3d 878, 882 (9th Cir. 2003).  The Moores fail to show that exceptional circumstances exist here.

Furthermore, the Moores' argument does not have merit.  Both the California bankruptcy case and Hawaii bankruptcy case were dismissed.  The Moores fail to show that a dismissal under 11 U.S.C. § 109(e) changes the result.  In any event, as pointed out by the bankruptcy court below, their California bankruptcy case was dismissed on multiple grounds. The bankruptcy court below properly granted summary judgment to the Keller Williams and the Reises pursuant to 11 U.S.C. § 362(c)(3)(A).

3.   Summary Judgment for Keller Williams, Reises and Flagstar based on Lack of Damages Under 11 U.S.C. § 362(k)

The Moores argue that the bankruptcy court below erred in granting summary judgment to the Appellees based on the Moores failure to demonstrate that they were damaged as required under 11 U.S.C. § 362(k).  Dkt. 32.

For a person injured by a willful stay violation, 11 U.S.C. § 362(k)(1) permits recovery of "actual damages, including costs and attorneys' fees."

In granting motions for summary judgment, the bankruptcy court held that the Moores failed to show that they were damaged by the alleged stay violations, or in the case of some of the Appellees, show that the alleged stay violations were willful.  Dkt. 1, at 58-61 and Dkt. 1 at 92-93.  The Moores do not demonstrate that the bankruptcy court erred.  Their claim for attorneys' fees and costs is without merit.  While § 362(k)(1) generally permits recovery of costs and attorneys' fees by a debtor for pursuing an action to cease violation of a stay, *Am.'s Servicing Co. v. Schwartz-Tallard,* 803 F.3d 1095, 1100-01 (9th Cir. 2015), *pro se* litigants cannot recover attorneys' fees under that statute, *Cater v. Barber,* 2016 Bankr. LEXIS 1838 (B.A.P. 9th Cir. April 22, 2016).  The Moores argue they suffered various health conditions they contend resulted from the alleged stay violations.  Dkt. 31.  They fail to point to evidence in the record before the bankruptcy court to support their contentions.  To the extent they appeal dismissal of all the Appellees (in various orders of the bankruptcy court) based on the Moores failure to make the required showing under § 362(k)(1), the appeal is without merit and the orders of the bankruptcy court should be affirmed.

4.   Summary Judgment for the Flagstar and Other Orders Related to Flagstar

The Moores contend that the March 15, 2021 Order granting Flagstar's Motion for Summary Judgment (AP Dkt. 183) wasn't appropriate on other grounds as well.  Dkt. 32.  They

1  contend that Flagstar did not have "standing" because it did not prove that it has any "right, title,

2  or interest" in the Battle Ground property.  *Id.*  The Moores' standing contentions are wholly

3  without merit.  They are not grounds to find that the bankruptcy court erred, and are legally and

4  factually inaccurate.

5  The Moores' notice of appeal lists several additional orders related to Flagstar:  July 8,

6  2020 Order Granting in part and denying in part Defendants' Flagstar Bank, FSB; Wright, Finlay

7  & Zak, LLP; Joseph T McCormick III; and Laura N. Coughlin's Motion to Dismiss (AP Dkt.

8  49); the September 11, 2020 Order Granting Moving Defendants' Motion to Strike Unauthorized

9  Amendments and Dismiss Plaintiffs' Second Amended Complaint (AP Dkt. 85) and the

10  February 8, 2021 Order on Plaintiffs' Motion to Compel and Defendant Flagstar's Motion for

11  Protective Order (AP Dkt. 173).

12  The Moores fail to demonstrate that the bankruptcy court committed reversable error in

13  any of these orders.  They argue that court's dismissal of their Second Amended Complaint was

14  improper.  The bankruptcy court below dismissed their Second Amended Complaint because

15  their attempted amendments failed to cure the underlying pleading deficiencies and exceeded the

16  scope of the leave that the court had granted.  They fail to show that the bankruptcy court erred

17  in its decision.  The Moores fail to identify other meaningful errors in the remaining orders or do

18  not address the orders at all.  Their appeal of these orders is without merit and they should be

19  affirmed.

20  5.  Summary Judgment for the Reises

21  The Moores contend that the bankruptcy court erred in granting summary judgment for

22  the Reises on their remaining claims in the July 9, 2021 Order Granting Summary Judgment and

23  Dismissing Remaining Defendants (AP Dkt. 208).  Dkt. 32.

24

The Moores fail to show that the bankruptcy court erred in dismissal of these claims. While they assert that there are issues of fact, they fail to show that those issues of fact were properly before the bankruptcy court or that they preclude summary judgment as a matter of law. The bankruptcy court's order on these claims should be affirmed.

6. <u>Conclusion on the Appeal and Other Matters</u>

The Moores fail to show that the bankruptcy court committed error. Their remaining contentions are without merit and do not provide grounds to overturn the decisions of the bankruptcy court. All the orders should be affirmed. This case should be closed.

### III.    <u>ORDER</u>

It is **ORDERED** that:

- Moore's Motion for Expansion of the Record on Appeal (Dkt. 35) **IS DENIED**;

- The Moore's appeal (Dkt. 1) **IS DISMISSED**;

- The orders of the U.S. Bankruptcy Court in *In re Moore,* Western District of Washington Adversary Proceeding No. 20-04017 BDL (Dkts. 47, 49, 85, 173, 183, and 208) **ARE AFFIRMED**; and

- This case **IS CLOSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 8th day of December, 2021.

ROBERT J. BRYAN
United States District Judge